UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BERNARD PARKS,

    Plaintiff,

v.                                       Case No. 5:14cv45/RS/CJK

MICHAEL C. OVERSTREET, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

    This cause is before the Court upon plaintiff's *pro se* civil rights complaint filed under 42 U.S.C. § 1983.  (Doc. 1).  The Court has reviewed the complaint and concludes that this case should be dismissed because plaintiff has not stated and cannot state a plausible § 1983 claim against the defendants.

BACKGROUND AND PROCEDURAL HISTORY

    Plaintiff is a pretrial detainee confined at the Bay County Sheriff's Office Jail Facility ("BCSO Jail Facility"), awaiting trial on a charge of sexual battery. Plaintiff's complaint names four defendants: the judge overseeing his case, Michael C. Overstreet; the assistant state attorney prosecuting the case, Robert Sale; Russell Wilson, who plaintiff characterizes as conflicts counsel but appears to be involved in plaintiff's defense; and his former public defender, F.R. Mann, Jr. (Doc. 1, pp. 2-

3). Plaintiff claims that the defendants have conspired to deprive him of his constitutional rights. Specifically, plaintiff alleges defendants Mann and Wilson "conspired to deprive plaintiff of a fair trial by not scheduling sexual assault nurse examiner for depositions." Further, plaintiff contends defendant Wilson failed to file a "meritorious notice of expiration of speedy trial" motion and a "valid motion to dismiss/discharge." Plaintiff expresses dismay that defendant Judge Overstreet "erred when failed [sic] to hold a calendar call five days after the demand for speedy trial motion was filed . . . ." And defendant Sale "erred when he declined to file motion stricking [sic] the demand invalid." Instead of assisting the defendant with his defense, defendant Wilson "effectively joined the state in its prosecution of [plaintiff's] case." Defendant Wilson exhibited "dishonesty, misrepresentation, deceit, and fraud," and then breached "lawyer-client confidentiality" when he disclosed to state prosecutors the plaintiff's defense strategy of representing himself at trial. Plaintiff also planned to argue that he had "sex with the victim the day before the crime happened."

Plaintiff also takes issue with defendants Overstreet and Mann's conduct during the earlier pendency of his state case. Defendant Mann ignored plaintiff's requests concerning his legal representation and later refused to turn over relevant legal materials. Defendant Overstreet directed the case to proceed to trial only eighteen days after plaintiff had obtained substitute counsel[1] and ignored plaintiff's complaints regarding defendant Wilson's behavior. Plaintiff contends that defendant

---

[1] Based on the docket in plaintiff's pending state court case, plaintiff's trial is scheduled for August 18, 2014.

*Case No: 5:14cv45/RS/CJK*

Overstreet conspired with the other named defendants to deprive plaintiff of his constitutional rights.

As a result of the foregoing conduct, plaintiff claims that his constitutional rights were violated. While not specifically set out in the statement of claims, in the body of his complaint plaintiff alleges that his Sixth Amendment right to counsel was violated, as well as his due process rights. Plaintiff also claims that defendants Sale and Overstreet violated Article I, Section 5 of the Florida Constitution. As relief, plaintiff requests a change of venue and for this court to force Judge Overstreet to recuse himself in the instant case.

## DISCUSSION

Title 28 U.S.C. § 1915 mandates that the district court dismiss a civil rights complaint if the complaint: 1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or 2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had

"not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).  A complaint is also subject to dismissal for failure to state a claim when its allegations, on their face, show that an affirmative defense bars recovery on the claim.  *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle).

It is apparent from the face of plaintiff's complaint that the *Younger* abstention doctrine bars this Court from considering plaintiff's claim.  The Supreme Court held in *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), that federal courts must abstain from interfering with pending state criminal proceedings absent a showing of:  (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised.  *See Samuels v. Mackell*, 401 U.S. 66, 91 S. Ct. 764, 27 L. Ed. 2d 688 (1971); *Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1263 (11th Cir. 2004) (citing *Younger*, 401 U.S. at 45, 53-54).  Plaintiff's allegations do not establish, or support an inference, that plaintiff's prosecution is motivated by bad faith.  *See Trainor v. Hernandez*, 431 U.S. 434, 447, 97 S. Ct. 1911, 1919, 52 L. Ed. 2d 486 (1977); *Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980) ("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate.").

Plaintiff further fails to show that the "irreparable injury" exception applies. *See Younger*, 401 U.S. at 53-54 (citing *Watson v. Buck*, 313 U.S. 387, 402, 61 S. Ct.

962, 967, 85 L. Ed. 1416 (1941) (holding that irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief); *Kugler v. Helfant*, 421 U.S. 117, 123-25, 95 S. Ct. 1524, 1530-31, 44 L. Ed. 2d 15 (1975) (holding that irreparable injury does not include injury which is incidental to every prosecution brought lawfully and in good faith) (citing *Younger*, 401 U .S. at 46).

Moreover, plaintiff has an adequate state forum in which to raise his claim–he may assert his defenses in his state criminal proceeding. Evident from plaintiff's docket,[2] his case is scheduled for trial on August 18, 2014, allowing a sufficient period of time for plaintiff to prepare his case for trial. While plaintiff claims Sixth Amendment violations, his own complaint indicates he has been assigned two different defense counsels. To the extent plaintiff takes issue with the adequacy of their representation, he has a forum present to him through both the state and federal court systems. Moreover, if plaintiff wishes to raise a speedy trial defense, he has the opportunity to do so. Thus, it appears from the face of plaintiff's complaint that the *Younger* abstention doctrine bars this Court from interfering in plaintiff's state criminal proceeding, and that this case should be dismissed. Stated otherwise, and unequivocally, the federal district court is not, given the basic tenets of federalism, available to supervise the state prosecution to which plaintiff finds himself subject.

---

[2]https://court.baycoclerk.com/BenchmarkWeb2/CourtCase.aspx/Details/2615509?digest=1DWZCgB9lOzkL3bVmhiiWA

*Case No: 5:14cv45/RS/CJK*

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005).  However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).  Plaintiff's mission here is utterly frivolous, and a waste of scarce judicial resources.  Amendment would be futile; therefore, the Court should dismiss this case without allowing, or encouraging, amendment.

Accordingly, it is respectfully RECOMMENDED:

1. That this action be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

2. That the Clerk be directed to close the file.

DONE AND ORDERED this 10th day of July, 2014.

/s/ Charles J. Kahn, Jr.
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).